NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DAVID MICHAEL BELLE,                    )
                                        )
            Appellant,                  )
                                        )
v.                                      )       Case No. 2D14-1652
                                        )
STATE OF FLORIDA,                       )
                                        )
            Appellee.                   )
                                        )
_____ )

Opinion filed September 30, 2015.

Appeal from the Circuit Court for Manatee
County; Charles Roberts, Judge.

Bernard F. Daley of The Daley Law Firm,
Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marilyn Muir Beccue,
Assistant Attorney General, Tampa, for
Appellee.


ALTENBERND, Judge.

            David Michael Belle pleaded guilty to attempted lewd or lascivious

molestation of a child under the age of twelve, and he was sentenced to eleven years'

imprisonment as a sexual offender.  He reserved the right to appeal the denial of his

motion to exclude evidence that had been recorded on an iPhone.  The State stipulated

that this issue was dispositive.  At the time of these events, this court's decision in

McDade v. State, 114 So. 3d 465 (Fla. 2d DCA 2013) (McDade I), was controlling and clearly authorized the trial court's denial of his motion. After this appeal was filed, the supreme court quashed this court's decision in McDade v. State, 154 So. 3d 292 (Fla. 2014) (McDade II). Thus, the issue on appeal is whether the trial court's ruling must be reversed due to this change in the law. As we explain below, we conclude that McDade II is distinguishable and that the trial court's ruling should be affirmed.

## I. THE LIMITED FACTS IN THE RECORD

Mr. Belle filed a motion to exclude the iPhone recording under section 934.06, Florida Statutes (2012). At the hearing on the motion, his attorney did not present evidence. The parties essentially stipulated to a bare minimum of facts, engaging in open court negotiations as to what facts would be part of the stipulation. Thus, the trial court was not called upon to make any findings of fact. This makes presenting the facts in this case somewhat of a challenge.

On June 27, 2012, Mr. Belle lived with his girlfriend. She had a seven-year-old daughter. Sometime in the middle of the night, the couple had an argument that apparently involved money and whether Mr. Belle had closed his girlfriend's bank account. His girlfriend believed that Mr. Belle was intoxicated. It is undisputed that she told Mr. Belle that he was crazy and that she was going to record their conversation, allegedly so he could not claim to have forgotten it in the morning.

It is also undisputed that his girlfriend then turned on a recording application on her iPhone. About a minute into the recording, Mr. Belle took the cellphone from her. His girlfriend then left their home, purportedly to check her bank account at an ATM.

After she left, Mr. Belle did not turn off the recording device. He claimed at the hearing on the motion to exclude that he did not know the device was running. It is unclear whether he knew how to turn off the recording. Again, the trial court was not called upon to make any factual findings on these matters, so it was not established whether Mr. Belle actually heard his girlfriend tell him that she was going to record him. Apparently nothing on the recording indicates that he appreciated that the device was recording his words and actions.

The actual recording is not in the record. We rely on the detailed contents of the probable cause affidavit, which was discussed at the suppression hearing. It explains that, shortly after the girlfriend left, Mr. Belle can be heard on the recording saying: "Bye Punk! I am going to play with your f***ing daughter." Thereafter, he asks his girlfriend's daughter to come to him and tells her to take off her pants. He asks her how she feels and she states that her neck hurts from coughing. Mr. Belle asks "right here"? Then a rubbing noise is heard. More than once the child tells Mr. Belle that it is her neck that hurts. The girlfriend then returns home, and Mr. Belle can be heard telling the child to pull up her pants "quick." He then says "fast" and "secret."

It is unclear from the record when the cellphone was returned to the girlfriend or when the recording ended. The girlfriend apparently discovered the recording the following day and reported the matter to the police.

The trial court denied Mr. Belle's motion to exclude the iPhone recording. It concluded that under this court's ruling in McDade I, the recording did not violate chapter 934 and was not subject to the exclusionary rule within it. However, it went on to find that there were significant factual differences between the case before it and

McDade I such that the same outcome would be warranted even if the supreme court were to reverse this court's holding. The trial court concluded that, based on the probable cause affidavit and the facts to which the parties stipulated, the recording did not violate chapter 934 because it was inadvertent and Mr. Belle did not have a reasonable expectation of privacy in the oral communications that were recorded. It based this conclusion on the stipulations that the girlfriend told Mr. Belle she was going to record him, Mr. Belle took the phone from her while it continued to record, and the girlfriend discovered the next morning that the phone had continued recording after she left the house.

## II. CHAPTER 934: FROM INCIARRANO TO MCDADE II

Under chapter 934, it is a criminal offense to "[i]ntentionally intercept[]" or to "endeavor[] to intercept" any "oral . . . communication." § 934.03(1)(a). For purposes of section 934.03, an "oral communication" is defined as "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation . . . ." § 934.02(2). Except "in cases of prosecution for criminal interception" under chapter 934, a recording made in violation of section 934.03 is inadmissible as evidence in any trial or legal proceeding. § 934.06. Section 934.03(2) enumerates exceptions to the general prohibitions in section 934.03(1). One of these allows for the interception of oral communications when all parties to the communication have consented to the recording. § 934.03(2)(d).

In State v. Inciarrano, 473 So. 2d 1272, 1275 (Fla. 1985), the supreme court explained that the definition of "oral communication" in chapter 934 demonstrates that the legislature did not intend that every oral communication be protected from

- 4 -

interception without the prior consent of all parties to the communication. Rather, the statute protects only those communications made by someone with a subjective expectation of privacy under circumstances in which society is prepared to recognize such an expectation as reasonable. Id. at 1275.

In McDade I, this court applied the rule from Inciarrano and concluded that surreptitious recordings made by the minor victim of the defendant soliciting acts that constituted sexual abuse did not fall within the proscription of chapter 934 because any expectation of privacy that the defendant may have had in those circumstances was not one that society was prepared to accept as reasonable. 114 So. 3d at 470-71. We certified a question on the issue as one of great public importance.

In McDade II, the supreme court rephrased the certified question as whether "a recording of solicitation and confirmation of child sexual abuse surreptitiously made by the child victim in the accused's bedroom" is proscribed by chapter 934. 154 So. 3d at 294. It answered the question in the affirmative and quashed McDade I. The court concluded that none of the exceptions to the general proscription in chapter 934 applied or "allow[ed] for the interception of conversations based on one's status as the victim of a crime." Id. at 297. Rather, because the recordings were made surreptitiously and without Mr. McDade's consent in the privacy of his own home, he had a reasonable expectation of privacy and the recordings impermissibly intercepted oral communications under chapter 934. Id. at 298.

### III. DISTINGUISHING MCDADE II

We agree with the trial court's prediction that the supreme court's decision in McDade II would not impact the outcome in this case. Although a motion to suppress

or exclude evidence under section 934.06 has similarities to a motion to suppress under the Fourth Amendment, it is a statutory right, and it was Mr. Belle's burden to establish that the facts in this case fell within the provisions of this statutory exclusionary rule. His attorney's decision to proceed on the motion without presenting evidence makes his claim more tenuous. Unlike the defendant in McDade II, Mr. Belle failed in his burden in at least two respects.

First, Mr. Belle did not establish that his girlfriend "intentionally intercept[ed]" those communications that occurred after she left the home when the cellphone was in Mr. Belle's possession. See § 934.03(1)(a). In McDade II, the victim intentionally and secretly recorded Mr. McDade. 154 So. 3d at 298. Here, by contrast, there was no stipulation that the girlfriend knew whether the recording device was on or off when she left the residence. Even in his motion to exclude the recording, Mr. Belle did not claim that his girlfriend intended to record anything beyond their initial argument. In fact, he explained that "[t]he additional recording after she left the home was inadvertent." The recording device was in his custody and control at the time of these critical recordings. The trial court did not err in concluding that Mr. Belle failed to prove that his girlfriend intentionally intercepted the portion of the recording that took place when she was gone. Unless his girlfriend intentionally violated the statute, he was not entitled to the benefit of the statutory exclusionary rule.

Second, unlike the circumstances in McDade II, the recording device was not hidden and the recording was not surreptitious. The supreme court in McDade II explained that one of the significant distinguishing factors between that case and Inciarrano was that the recording device in Inciarrano was visible. McDade II, 154 So.

3d at 298. The microphone that the victim used to record Mr. Inciarrano was sitting in the open on his desk and could be seen by the "unaided eye." Id. The device that the victim used to record Mr. McDade was hidden inside the victim's shirt. Id. There is no question that the recordings in McDade were surreptitious. Id. Not only was the recording in this case not surreptitious, but after Mr. Belle's girlfriend warned him that she was going to record him, he actually took possession and control of the device that recorded both his words and actions. Accordingly, Mr. Belle did not establish that the communications were intercepted "under circumstances justifying" an expectation of privacy. See § 934.02(2).

It may be that Mr. Belle's intoxication or his unfamiliarity with the particular cellphone caused him to allow it to record without his full understanding that it was recording his offense. We doubt that intoxication or unfamiliarity with a cellphone is a circumstance that creates an expectation of privacy that would not exist for a sober person familiar with a cellphone. But we do not need to resolve that question because there is no evidence or stipulation that intoxication or ignorance was a circumstance contributing to any expectation of privacy in this case.

We cannot rule out the possibility that, if the facts had been determined by the judge in this case after a full evidentiary hearing, the factual basis for Mr. Belle's motion might have been stronger. That is not a matter we can resolve on direct appeal; it is at most a matter for postconviction proceedings.

Affirmed.


CASANUEVA and CRENSHAW, JJ., Concur.